UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| KEM ANDERSON, et al., | ) |
| | ) |
| Plaintiffs, | ) Civil Action No. 5:08-320-JMH |
| | ) |
| | ) |
| v. | ) |
| | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| BOARD OF EDUCATION OF FAYETTE, | ) |
| COUNTY, and UNKNOWN | ) |
| DEFENDANTS, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**        **        **        **        **

This matter is before the Court on several motions, including:
Defendant Board of Education of Fayette County's (the "Board")
Motion for Judgment on the Pleadings, or in the alternative, Motion
to Dismiss [Record No. 14]; Plaintiffs' Motion to Amend Complaint
[Record No. 15]; Plaintiffs' Motion to Remand [Record No. 18]; and
Plaintiff's Motion to File *Revised* First Amended Complaint [Record
No. 27]. The time for responses and replies having expired, these
matters are ripe for review.

## I.  Background

On July 8, 2008, Plaintiffs filed this putative class action
in Fayette Circuit Court on behalf of themselves and all others
similarly situated.[1]   Plaintiffs allege that the Board and its

_____

[1] The Board opposes class certification, and Plaintiffs
have not taken steps to seek class certification. The Court
declines to address the issue at this stage of the litigation.

official and employees subjected them to "a pattern of sexual, psychological, and emotional abuse and dependence and introduced them to the use of illegal drugs." Compl. ¶ 11.  Plaintiffs further allege that the Board's officials either knew or had reason to know that one or all of the plaintiffs had been molested and abused or provided with illegal drugs by one or more Board employees and that "no school official took action to either discipline those employees, to warn other parents and students of the danger, or to report the abuse to the proper authority." *Id.* at ¶ 14.  Based upon these facts, Plaintiffs claim that Defendants, acting under color of state law, deprived them of their rights under the United States Constitution, 42 U.S.C. § 1983, Title IX 22 U.S.C. § 1681[2], the Kentucky Constitution, KRS Chapter 344, and other state laws.  *Id.* at ¶ 19.  Plaintiffs also assert claims for failure to report sexual molestation or abuse, in violation of "a then existing Kentucky criminal penal statute." *Id.* at ¶ 20.

On July 21, 2008, pursuant to 28 U.S.C. § 1441, Defendants removed the action to federal court. [Record No. 1].  The case was properly removed pursuant to 28 U.S.C. § 1331, as there exists a

---

[2]

The statute under which Plaintiffs purport to seek relief in Count 7 of their Revised First Amended Complaint, 22 U.S.C. § 1681, concerns foreign relations and intercourse, specifically, appropriations to Europe, and was in fact repealed on August 26, 1954.  Based upon the nature of the plaintiffs' claims, the Court will proceed as the parties have in their subsequent proceedings to presume that Plaintiffs intended to state that such relief would be proper under 20 U.S.C. § 1681.

2

federal question arising under 42 U.S.C. § 1983 and 20 U.S.C. § 1681. To the extent that Plaintiffs have pled claims under the Kentucky Constitution, KRS Chapter 344 and other state law, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, as those claims are alleged to have arisen from the same facts as those under 42 U.S.C. § 1983 and 20 U.S.C. § 1681. The Board also filed an Answer to the Complaint on July 21, 2008, raising an affirmative defense that claims in the lawsuit are barred by the statute of limitations. [Record No. 2].

By Order dated July 30, 3008, the Court directed Plaintiffs to file a more definite statement pursuant to Fed. R. Civ. P. 12(e), which was to include "the dates that the alleged acts occurred and the ages of the alleged victims at the time of those acts." [Record No. 6 at 1]. In response to the Court's Order, on September 2, 2008, Plaintiffs filed a two-page document containing the following pertinent information:

| Named Plaintiff | Dates Abused | Age Abused |
|---|---|---|
| Kem Anderson | 1985-1986 | Between 13 and 14 |
| Frederick Salyers | 1976-1980 | Between 13 and 17 |
| Dirk Washington | 1980-1984 | Between 13 and 17 |
| James Fisher III | 1985-1986 | Between 15 and 16 |
| Steve Berry | 1969-1971 | Between 13 and 16 |

[Record No. 12]. Shortly after Plaintiffs filed that document, the Board filed a Motion for Judgment on the Pleadings or, in the

3

alternative, Motion to Dismiss for failure to state a claim. [Record No. 14].

Subsequent to the filing of the Board's Answer and Motion for Judgment on the Pleadings, on September 29, 2008, Plaintiffs filed a Motion to Amend the Complaint [Record No. 15], a response in opposition to the Motion for Judgment on the Pleadings [Record No. 17], and a Motion to Remand the case to Fayette Circuit Court [Record No. 18]. In an apparent attempt to divest this Court of subject matter jurisdiction, Plaintiffs moved to amend their Complaint pursuant to Fed. R. Civ. P. 15(a) so as to remove all causes of action arising under federal law. While recognizing that the Court has discretion to assert supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, Plaintiffs' Motion to Remand asked that the Court remand the matter to Fayette Circuit Court upon granting the Motion to Amend, which would remove all federal law claims. [Record No. 18]. The Board opposes Plaintiffs' Motion to Remand, urging the Court to exercise its discretion to retain the supplemental state law claims under 28 U.S.C. § 1367. [Record No. 23].

In its response to Plaintiffs' Motion to Amend the Complaint, the Board stated that while it does not oppose the Motion to Amend, which is effectively a voluntary dismissal of Plaintiffs' federal claims, it asked that the federal claims be dismissed with prejudice. [Record No. 22]. The Board pointed out that Plaintiffs'

4

Motion to Amend and remove all federal claims was not filed until after the filing of the Board's Answer and Motion for Judgment on the Pleadings.  While Plaintiffs' motion is styled as a Motion to Amend the Complaint, it is tantamount to a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41.  Thus, the Court directed Plaintiffs to show cause why dismissal of their claims should not be with prejudice. [Record No. 24].  Plaintiffs responded that dismissal of the federal claims should be without prejudice. [Record No. 25].

Having put Plaintiffs on notice of its inclination to dismiss the federal claims with prejudice, the Court asked Plaintiffs, as directed by the law of this Circuit in *U.S. v. One Tract of Real Property*, 95 F.3d 422 (6th Cir. 1996), to inform the Court whether they would prefer to withdraw their request to dismiss the federal claims and proceed with the litigation.  In response, Plaintiffs filed a Motion for leave to file a revised first amended complaint. [Record No. 27].  In the second Motion to Amend, Plaintiffs state that they withdraw their first Motion to Amend and tender a revised motion to amend which "more fully sets these [federal] claims out more fully than the original complaint". [Record No. 27].  The Board opposes Plaintiffs' second Motion to Amend, and urges the Court to decide claims on the merits of the Motion for Judgment on the Pleadings. [Record No. 29].

## II.  Discussion

### A.  Motions to Amend

By its own terms, Plaintiffs' second Motion to Amend [Record No. 27] moots Plaintiffs' first Motion to Amend. [Record No. 15]. Accordingly, Plaintiffs' first Motion to Amend shall be denied as moot.  Plaintiffs tendered Revised First Amended Complaint simply seeks to reassert the federal claims which were asserted in the original Complaint and sought to be removed by the first Motion to Amend.  While Plaintiff states that the Revised First Amended Complaint sets out the federal claims more fully than did the original Complaint, both parties agree that no new factual allegations have been made by virtue of the Revised First Amended Complaint.  [Record Nos. 27 at 2 and 29 at 2].

"Under Rule 15(a), leave to amend a pleading shall be freely given 'when justice so requires.' Factors that may affect that determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. General Motors Corp,.* 546 F.3d 766, 770 (6th Cir. 2008) (citing *Wade v. Knoxville Utils. Bd.,* 259 F.3d 452, 459 (6th Cir. 2001)).  In the instant case, the factors weigh in favor of granting Plaintiffs' second Motion for Leave to Amend.  As both parties concede, what Plaintiffs have styled as the Revised First Amended Complaint does

6

not add new causes of action or allegations.  The tendered Revised
First Amended Complaint merely reasserts the claims of the original
Complaint which Plaintiffs attempted to remove via the Motion for
Leave to File First Amended Complaint, which motion was
subsequently mooted by the filing of the Motion for Leave to File
the Revised First Amended Complaint.  Plaintiffs did not unduly
delay the filing of the Motion for Leave to File the Revised
Amended Complaint, as it was filed very soon after the Court
indicated that any dismissal of the federal claims could be with
prejudice.  Defendants have been on notice of the claims against
them since the filing of the original Complaint, and will suffer no
prejudice by the filing of Plaintiffs' Revised First Amended
Complaint.

    In light of the parties' agreement that the Revised First
Amended Complaint presents no new factual allegations and the
instruction in Fed. R. Civ. P. 15 that the Court should freely
grant leave to amend, the Court will grant Plaintiffs' second
Motion to Amend. [Record No. 27].

## B.  Motion for Judgment on the Pleadings

    The Board has moved for judgment on the pleadings pursuant to
Fed. R. Civ. P. 12(c), arguing primarily that Plaintiffs' claims
are barred by the statute of limitations.  The Board also contends
that Plaintiffs have failed to state a claim under KRS Chapter 344,
and that Plaintiffs' state law claims are barred by governmental

immunity.

The standard of review for a motion for judgment on the pleadings filed pursuant to Fed. R. Civ. P. 12(c) is the same as a the standard of review for a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6). *Jelovsek v. Bredesen,* 545 F.3d 431, 434 (6th Cir. 2008). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. The Court views the complaint in the light most favorable to the plaintiff and "must accept as true 'well-pleaded facts' set forth in the complaint." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 680 (6th Cir. 2004) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais & Co.,* 108 F.3d 86, 88 (6th Cir. 1997). If it appears beyond doubt that the plaintiff's complaint does not state facts sufficient to "state a claim that is plausible on its face," then the claims must be dismissed. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007); *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 542 (6th Cir. 2007); *Our Lady of Bellefonte Hospital, Inc. v. Tri-State Physicians Network, Inc.*, No. 06-141-HRW, 2007 WL 2903231, *2 (E.D. Ky. Sept. 27, 2007).

## 1. Statute of Limitations

### a. Federal Claims

Statutes of limitation represent "a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *United States v. Kubrick,* 444 U.S. 111, 117 (1979). Actions pursuant to 42 U.S.C. § 1983 and 20 U.S.C. § 1681, under which Plaintiffs seek relief in Counts Six and Seven of the Revised First Amended Complaint, do not provide their own statutes of limitation. Where a federal statute fails to include a statute of limitations, federal courts must adopt the most analogous state statute in determining the appropriate statute of limitations. For actions under 42 U.S.C. § 1983 and 20 U.S.C. § 1681, that statute of limitations is found in the general or residual statute for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261 (1985) (§ 1983 claims); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 729 (6th Cir. 1996) (Title IX claims); *Bonner v. Perry,* No. 08-5562, slip op. at 9 (6th Cir. Apr. 20, 2009). The Sixth Circuit Court of Appeals has followed the United States Supreme Court's determination in *Wilson* that where a state maintains multiple personal injury statutes of limitations for personal injury matters, the most analogous general personal injury statute of limitation still controls. See *Deaton v. City of Dayton*, 14 F.3d

9

600 (6th Cir. 1993).

The appropriate general personal injury statute of limitations in Kentucky measures one year.[3]   KRS § 413.140(1); *Bedford v. University of Louisville School of Medicine*, 887 F.2d 1086 (6th Cir. 1989).  Accordingly, a one year statute of limitations applies to the causes of action alleged under 42 U.S.C. § 1983 and 20 U.S.C. § 1681.

### i.  Claim Accrual

Claims accrual is determined by federal law, and, ordinarily, the Court will apply the "discovery rule" to establish the date on which the statute of limitations began to run, "*i.e.,* the date when the plaintiff knew or through the exercise of reasonable diligence should have known of the injury that forms the basis of his action." *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003) (*citing Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)); *Wilson,* 471 U.S. at 268-71.  "The statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action. A plaintiff has reason to know of

---

[3]   KRS § 413.140 provides:
(1)  The following actions shall be commenced within one (1) year after the cause of action accrued:
(a)  An action for an injury to the person of the plaintiff, or of her husband, his wife, child, ward, apprentice, or servant...

KRS § 413.140(1)(a).

his injury when he should have discovered it through the exercise of reasonable diligence." *Roberson v. Tennessee,* 399 F.3d 792, 794 (6th Cir. 2005) (citing *Sevier* at 273).

"In applying a discovery accrual rule . . . discovery of the injury, not discovery of the other elements of the claim, is what starts the clock." *Rotella v. Wood,* 528 U.S. 549, 555 (2000). Otherwise stated, "[a] plaintiff's action accrues when he discovers that he has been injured, not when he determines that the injury was unlawful." *Amini v. Oberlin College,* 259 F.3d 493, 500 (6th Cir. 2001). Applying the discovery rule to the instant case, the Court finds that insofar as Plaintiffs were injured while attending Fayette County Public Schools, they were no doubt aware of the underlying injuries of which they complain, the abuse at the hands of employees of the Board, at the time it was allegedly inflicted. This is to say that Plaintiffs' causes of action accrued at the time of the alleged abusive acts.

Plaintiffs' response to the Court's Order for a more definite statement is set forth above. Based upon the dates of the alleged abuse as outlined in Plaintiffs' filing, the causes of action accrued, at the latest, in 1986 for Anderson, in 1980 for Salyers, in 1984 for Washington, in 1986 for Fisher, and in 1971 for Berry. Having determined when Plaintiffs' federal claims accrued, the Court will go on to discuss Plaintiffs' contentions that the statute of limitations has been, and in some cases continues to be,

11

tolled.

### ii.  Tolling - Infancy

Plaintiffs' causes of action accrued at the time the injuries were allegedly inflicted.  Plaintiffs argue, however, that the statute of limitations was tolled for several reasons.  First, Plaintiffs correctly assert that the statute of limitation was tolled due to their infancy.  Kentucky's saving statute provides:

> If a person entitled to bring any action mentioned in KRS 413.090 to 413.160, except for a penalty or forfeiture, was, at the time the cause of action accrued, an infant or of unsound mind, the action may be brought within the same number of years after the removal of the disability or death of the person, whichever happens first, allowed to a person without the disability to bring the action after the right accrued.

KRS § 413.170(1).  Thus, the statute of limitations for claims governed by KRS § 413.140 is tolled until a party reaches eighteen years of age.  *See* KRS § 2.015 (establishing age of majority).  The statute of limitations on Plaintiffs' claims were tolled until 1990 for Anderson, 1981 for Salyers, 1985 for Washington, 1988 for Fisher, and 1973 for Berry.

### iii.  Tolling - Unsound Mind

Plaintiffs next argue that because tolling is necessary "they believe that psychological testing will reveal that one or more of the plaintiffs or class members suffers from developmental

disabilities sufficient to make them mentally incompetent as a matter of law." Pls' Reply, RN 17 at 8. KRS 413.170(1) provides that the statute of limitations on personal injury actions is tolled for individuals of unsound mind. As an initial matter, the Court notes that there has been no class certification, therefore, there is no class of which to speak. Additionally, each named plaintiff must establish standing in his own right, and cannot rely on the alleged tolling of members of this putative class to toll his own limitations period. *See Rosen v. Tennessee Com'r of Finance and Admin*, 288 F.3d 918, 928 (6th Cir. 2002).

In their Revised First Amended Complaint, Plaintiffs state:

> [S]ome of the named plaintiffs and those similarly situated are now and were at the time of the acts alleged below under a legal disability, in that they suffered from one or more forms of developmental disability of such severity to render them legally incompetent at the time of their sexual abuse and continue to so suffer today.

Pls. Revised First Amended Complaint at 1. While the Court must accept all factual allegations as true when considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the factual allegations set forth in the complaint must "raise a right to relief beyond the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).

In the instant case, Plaintiffs' allegations do not raise their right to relief beyond the speculative level. The Complaint does not state which of the named Plaintiffs are of unsound mind,

13

only submitting that "some of the named plaintiffs and those similarly situated" are of unsound mind. Further, in response to the Board's Motion to Dismiss, Plaintiffs posit that psychological testing may reveal that one or more Plaintiffs suffer from developmental disabilities which render them of unsound mind. Plaintiffs' speculative allegation that the statute of limitations has been tolled because *some of* the plaintiffs *may* be of unsound mind, does not save the claims from being time-barred.[4]

While Fed. R. Civ. P. 8 requires only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Carter v. Ford Motor Co.*, No. 08-1082, 2009 WL 860065 (6th Cir. Apr. 2, 2009)(internal citations omitted). Perhaps realizing that their claims would be time-barred without more, Plaintiffs made a vague assertion that the statute of limitations was tolled because some of the plaintiffs could possibly be of unsound mind. Having themselves recognized that the statute of limitations would play a key role in their claims, Plaintiffs were obligated to give the Board fair notice of which Plaintiffs may be of unsound mind. The Court is

---

[4]  As an aside, the Court notes that despite Plaintiffs' claims that some of the Plaintiffs may be of unsound mind, each of the named Plaintiffs is proceeding in his own name, not through a guardian or next friend, as envisioned by Fed. R. Civ. P. 17(c).

14

mindful that Plaintiffs are not required to come forward with evidence at this juncture, however, simply telling the Board that the statute of limitations may be tolled for one or more of five named Plaintiffs does not give the Board fair notice of the grounds upon which Plaintiffs' claims rest.

### iv.   Tolling - Fraudulent Concealment

Finally, Plaintiffs argue that the statute of limitation is tolled pursuant to KRS 413.190(2), due to the Board's obstruction of the prosecution of Plaintiffs' claims.  Specifically, Plaintiffs allege that "[t]he defendants' active concealment, failure to report, and failure to warn when they had such a duty tolled the applicable statute of limitations."  Pls' Revised First Am. Compl. at ¶ 16.

Kentucky has codified the doctrine of fraudulent concealment through the enactment of KRS § 413.190(2).  *See Munday v. Mayfair Diagnostic Lab.*, 831 S.W.2d 912, 914-15 (Ky. 1992) (the statute "is simply a recognition in law of an equitable estoppel . . . to prevent fraudulent or inequitable application of a statute of limitations").  The statute provides that:

> When a cause of action mentioned in KRS 413.090 to 413.160 accrues against a resident of this state, and he by absconding or concealing himself or by any other indirect means obstructs the prosecution of the action, the time of the continuance of the absence from the state or obstruction shall not be computed as any part of the period within which the action shall be commenced.

KRS § 413.190(2).  Once the "obstruction" is removed, a plaintiff

15

has a duty to exercise reasonable diligence in pursuing his or her claims. *See Cuppy v. Gen. Accident Fire & Life Assurance Corp.*, 378 S.W.2d 629, 630-31 (Ky. 1964).  In order to establish fraudulent concealment:

> Defendant's action must have prevented Plaintiff from inquiring into the action, or eluded Plaintiff's investigation, or otherwise mislead the Plaintiff.

*Hazel v. General Motors Corp.*, 863 F.Supp. 435, 439 (W.D. Ky. 1994) (*citing Burke v. Blair*, 349 S.W.2d 836, 837 (Ky. 1961)).  However, the plaintiff is always "under the duty to exercise reasonable care and diligence to discover whether he has a viable legal claim," and any fact that should arouse his suspicion is equivalent to "actual knowledge of his entire claim." *Id.* (*quoting Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975)).

Plaintiffs argue that based on *Roman Catholic Diocese of Covington v. Secter*, 966 S.W.2d 286 (Ky. App. 1998), the Board's concealment and failure to report the alleged abuse tolled the statute of limitations.  The *Secter* court stated that "where the law imposes a duty of disclosure, a failure of disclosure *may* constitute concealment under KRS 413.190(2), or at least amount to misleading or obstructive conduct." *Id.* at 290 (citing *Munday*, 831 S.W.2d at 915) (emphasis added).  Plaintiffs did not allege that they, their parents, or their guardians reported the abuse, therefore, Plaintiffs have not alleged that there were any records

16

of the abuse which could have been destroyed by the Board in an effort to conceal the alleged abuse.

Plaintiffs' argument that the statute of limitations was tolled by the Board's failure to report the abuse as required by KRS 620.030 (prev version, 199.335, repealed by 1986 when 620.030 enacted) also fails.  The *Secter* court found only that failure to report "*may* constitute concealment under KRS 413.190(2)." *Secter*, 966 S.W.2d at 290 (emphasis added).  Given the very nature of the injuries alleged by Plaintiffs, Plaintiffs were sufficiently aware of facts that should have aroused their suspicion of the claims against Defendants at the time of their injuries.  Insofar as Plaintiffs were injured while attending Fayette County Public Schools, the onus was placed on them to "exercise reasonable care and diligence to discover whether [there was] a viable legal claim" arising from those injuries.  *Hazel*, 863 F. Supp. at 439.  The statute of limitations was tolled, and, thus, Plaintiffs had no duty to pursue their claims until they reached the age of majority.  The youngest Plaintiff reached the age of majority nineteen years ago, while the eldest Plaintiff reached the age of majority over three decades ago.  There is no indication that Plaintiffs exercised any diligence, ordinary or otherwise, to uncover the source of their injuries prior to the expiration of the statute of limitations for their claims, and the Board is entitled to be free of such stale claims.  *See United States v. Kubrick,* 444 U.S. 111,

17

117 (1979).

## C.   Motion to Remand

Plaintiffs moved the Court to remand the state law claims to Fayette Circuit Court [Record No. 18].   The Board opposes remand [Record No. 23].

28 U.S.C. § 1367(c) provides that a district court:

> ...may decline to exercise supplemental jurisdiction over a claim under subsection (a) if...(3) the district court has dismissed all claims over which it has original jurisdiction.

28 U.S.C. § 1367(c).   The Court will dismiss all claims arising under federal law and over which it had original jurisdiction, leaving Plaintiffs' state law claims of battery, outrage, intentional infliction, failure to supervise, and Plaintiffs' claims under KRS 344.145 and KRS 620.030.   These state law claims are best decided by the state court, and this Court declines to exercise supplemental jurisdiction under over the remaining state claims.

## III. Conclusion

Accordingly, and for the foregoing reasons, **IT IS ORDERED:**

1) That Plaintiffs' first Motion to Amend [Record No. 15] shall be, and the same hereby is, **DENIED AS MOOT**;

2) That Plaintiffs' second Motion to Amend [Record No. 27] shall be, and the same hereby is, **GRANTED**;

3) That the Clerk is directed to **FILE** the tendered Revised

18

First Amended Complaint, which is attached as an exhibit to Record No. 27;

4) That Defendant's Motion for Judgment on the Pleadings [Record No. 14] shall be, and the same hereby is, **GRANTED IN PART and DENIED IN PART** as follows:

a) Plaintiffs' federal law claims under 42 U.S.C. § 1983 and 20 U.S.C. § 1681 shall be **DISMISSED WITH PREJUDICE;** and

b) Plaintiffs' state law claims shall be remanded to the Fayette Circuit Court;

5) That Plaintiffs' Motion to Remand the state law claims [Record No. 18] shall be, and the same hereby is, **GRANTED**.

This the 1st day of May, 2009.



Signed By:

_Joseph M. Hood_

Senior U.S. District Judge